## CONNELLY et al. v. ANDERSON et al.

Circuit Court of Appeals, Sixth Circuit. July 6, 1928.

No. 4826.

Patents ☞328—No. 1,522,577, for method of tunnel excavation, held invalid for want of patentable novelty.

Connelly Patent, No. 1,522,577, for a method of tunnel excavation, *held* invalid for want of patentable novelty.

Appeal from the District Court of the United States for the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit by Albert L. Connelly and others against L. W. Anderson and others. From a decree of dismissal, plaintiffs appeal. Affirmed.

Jos. B. Keenan and James A. Butler, both of Cleveland, Ohio, for appellants.

Faust F. Crampton, of Toledo, Ohio, for appellees.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. The District Court dismissed plaintiffs' bill for infringement, based upon patent No. 1,522,577, January 13, 1925, issued to plaintiffs for a method of excavating. The patent was held to be invalid, even if infringed. We have given thorough consideration to the criticisms made of the opinion below, and we think it must be affirmed.

Well before Connelly's appearance, Greenwood had applied to tunnel excavation a method which was essentially that of a power scraper in surface work. Greenwood provided a slicing or scraping knife, attached to a cable which extended to a power drum, and when the knife was placed in position and the drum operated, pulling in the cable, a slice of the earth was cut loose, ready for easy removal. This was, of course, adapted to certain soils, and not to others. Greenwood had applied it upon the advancing face of a large tunnel, drawing his knife radially from the edge of the tunnel to the center. In driving tunnels, particularly of the smaller sizes, as for sewers, it was customary to sink a shaft to the desired depth, and then drive the tunnel horizontally therefrom, using picks and shovels when appropriate. Connelly's method of treatment was specifically new, and he contemplated working in heavy clay or self-sustaining soils. If he wished, for example, to drive a tunnel 8 feet in diameter, he drove first, with pick and shovel, a tunnel as small as a man could work in, perhaps 3

feet in diameter, and extending as far as practicable, perhaps 15 or 20 feet. This being done, the workman carried in a scraper or slicing knife of the Greenwood type, and it was drawn back horizontally by a power drum. In this way the tunnel was gradually enlarged to the desired size and shape. In the particular soil to which the method was adaptable, there was no doubt a substantial economy of time and labor, as compared with the former methods.

Though we observe former methods of tunnel building, which included driving a small preliminary tunnel of a size that would permit timbering and easy working, and then enlarging it from the side to make a complete tunnel, and even if we disregard defendant's testimony of rather specific anticipation, we might assume that Connelly had developed a novelty in method which might have been restricted to his real novelty, and so have permitted some patent protection. He experienced difficulty in the Patent Office in formulating any description of this novelty by way of a claim. The novelty consisted of the particular narrow and long tunnel, which in the proofs is now called a monkey hole, in connection with the use therein of the Greenwood scraper axially of the preliminary tunnel, instead of radially of the full tunnel, as Greenwood had used it. The claim as issued is quoted in the margin.[1] It calls for a limitation in the size and shape of the monkey hole, which limitation is not described or suggested in the specification, and which quite obviously cannot give patentability; it does not specify that the monkey hole be extended horizontally any substantial distance, even beyond the reach of workmen remaining in the vertical shaft, and it calls for any method of removing the earth in strips from the side walls and floor of the monkey hole, instead of being limited to the peculiar method of removing strips by a power scraper or slicer, in which alone lay whatever utility Connelly's method had. We are quite clear that the claim does not describe any patentable novelty in method.

The decree is affirmed.

---

[1] "A method of digging a cylindrical tunnel or similar subway, consisting of, first, digging a vertical hole in the ground to a desired depth; second, digging a narrow lateral passageway in the direction in which the tunnel is to extend with the height of the passage corresponding to a radius of the tunnel when complete; third, removing strips of earth from the side walls of the passageway to form an upper semicylindrical passageway; and, fourth, removing strips of earth from the floor of the semicylindrical passageway to convert said passageway into a cylindrical passageway."